United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                          Case No. 19-10720-amc
Charles Kane                                                                                    Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2            User: JEGilmore            Page 1 of 1            Date Rcvd: May 13, 2020
                                Form ID: pdf900            Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 15, 2020.
db            +Charles Kane,    3025 Redner Street,    philadelphia, PA 19121-3509

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: megan.harper@phila.gov May 14 2020 03:53:01     City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 14 2020 03:52:36
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 14 2020 03:52:58     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                               TOTAL: 3

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 15, 2020                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 13, 2020 at the address(es) listed below:
              JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
               ecfemails@ph13trustee.com
              JAMES P. MCGARRITY    on behalf of Debtor Charles  Kane mcgarritylaw@gmail.com,
               mcgarritybk@yahoo.com;jamespmcg@ecf.inforuptcy.com;jamespmcg@yahoo.com
              REBECCA ANN SOLARZ    on behalf of Creditor    LakeView Loan Servicing, LLC bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Charles Kane <u>Debtor</u> | CHAPTER 13 |
| Lakeview Loan Servicing, LLC <u>Movant</u> vs. | NO. 19-10720 AMC |
| Charles Kane <u>Debtor</u> | |
| William C. Miller, Esquire <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$16,398.24,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2019 to April 2020 at $1,097.66/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$16,398.24** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). On or before May 15, 2020, the Debtor shall make a down payment in the amount of **$15,367.24**;

b). Beginning on May 1, 2020 and continuing through October 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,097.66** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$171.84 from May 2020 to September 2020 and $171.80 for October 2020** towards the arrearages on or before the last day of each month at the address below;

Cenlar FSB
425 Phillips Boulevard
Ewing, NJ 08618

c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 3, 2020         By: /s/ Rebecca A. Solarz, Esquire
                            Attorney for Movant

Date: May 11, 2020          /s/ James P. McGarrity, Esquire
                            James P. McGarrity, Esquire
                            Attorney for Debtor

Date: May 11, 2020          /s/ Jack Miller, Esquire, for*      *No objection to its
                            William C. Miller, Esquire          terms, without
                            Attorney for Debtor                 prejudice to any of
                                                                our rights and
                                                                remedies

Approved by the Court this ____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

**Date: May 12, 2020**

_____
Bankruptcy Judge
Ashely M. Chan